L. A. WESTERWELLER AND HARRIET WESTERWELLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRIET WESTERWELLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. A. WESTERWELLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32718, 32719, 32720. Promulgated March 20, 1952.

*Lane Morthland, Esq.*, for the petitioners.

*Wilford H. Payne, Esq.*, and *John O. Durkan, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax as follows:

| | | |
|---|---|---|
| 1947 | L. A. Westerweller | $952.24 |
| 1947 | Harriet Westerweller | 933.23 |
| 1948 | L. A. Westerweller and Harriet Westerweller | 9,138.20 |

The only issue for decision is—how much of the income of a business carried on under the name of Midway Motors for the period May 9, 1947, through December 31, 1947, and for the calendar year 1948 is taxable as community income of the petitioners. The facts have been stipulated.

The petitioners are husband and wife who resided in Yakima, Washington. They filed their returns for the taxable years with the collector of internal revenue for the district of Washington. The husband will hereafter be referred to as the petitioner.

The petitioner and J. Charles Prins entered into a partnership agreement on September 6, 1946, to operate a new and used automobile sales and service business in Yakima, Washington, under the name of Midway Motors. They were to be equal partners and each was to devote his full time to the business. The agreement provided that the partnership could be dissolved by the death of one of the partners and in that case, the surviving partner would have the right and would be obligated to purchase the interest of the deceased partner in the partnership at one-half of the net worth of the partnership at the time of the death of the partner. The net worth was to be ascertained by adjusting the last monthly balance sheet of the business to reflect changes resulting from the operation of the business

from that date to the death of the partner. It further provided that the surviving partner, within 30 days after the qualification of an executor or administrator of the deceased partner's estate, should execute and deliver to the latter his promissory note in the principal amount of the purchase price, payable within 90 days, with interest at 5 per cent, secured by mortgages upon all assets of the partnership, and upon delivery of the note and mortgages the surviving partner would be absolute owner of the business subject to the mortgages.

The partners began to operate the business in accordance with the partnership agreement. Prins died on May 8, 1947. Henry C. and John Prins were appointed executors of his estate and continued in that capacity at all times material hereto.

The petitioner was appointed administrator of the partnership estate pursuant to the laws of Washington on August 25, 1947. The order authorized him, as administrator of the partnership estate, to carry on the business formerly conducted by the partnership. He qualified and was issued letters of administration on September 10, 1947.

The petitioner closed the books of account of Midway Motors as of May 8, 1947, and reopened them as of May 9, 1947, to record his operations as administrator of the partnership estate.

The claims of creditors of the partnership were compromised and paid with the approval of the Probate Court, and the petitioner, on November 5, 1947, tendered the executors of Prins' estate a mortgage upon all of the property previously owned by the partnership and his note secured thereby in the amount of $10,349.48 with interest at 5 per cent from May 8, 1947. The executors refused the tender and refused to transfer the deceased partner's interest to the petitioner.

The petitioner, individually and as administrator of the partnership estate, petitioned the Probate Court for specific performance of the partnership agreement alleging that the full amount due the decedent's estate was $10,349.48. The executors claimed a larger amount was due. The court, after a hearing, took the matter under advisement. It entered its findings of fact, judgment, and decree on December 11, 1948, holding that $10,349.48 was the true value of Prins' interest in the partnership as of the date of his death and the petitioner had, on October 30, 1948, tendered to the court $11,104.01, representing the $10,349.48 with interest thereon at 5 per cent to October 30, 1948, which was the amount due the Prins' estate. The order directed the petitioner to prepare an accounting of the partnership estate from May 8, 1947, to November 5, 1947, disclosing the net profits of the business for that period and to furnish a copy of the account to the executors. The order gave the executors the option to receive interest on the $10,349.48 at 5 per cent from May 8, 1947,

to the date of the entry of the decree, December 11, 1948, or one-half of the net profits of the business from May 8, 1947, to November 5, 1947, with interest thereon at 6 per cent from November 5, 1947, until paid, provided that the balance on the tender theretofore made by the petitioner and withdrawn by the executors should be credited on the option chosen. It further ordered that upon the payment of the sums thus provided, the executors were to deliver to the petitioner a bill of sale for the interest of the Prins' estate in the partnership property, together with the release of all claims against the petitioner.

Each of the parties appealed from the judgment and the Supreme Court of the State of Washington, on July 19, 1949, affirmed the ruling of the trial court.

The petitioner, in accordance with the decision of the Supreme Court, paid the executors $19,445.87 and they conveyed the decedent's interest in the partnership business to the petitioner. The amount paid was computed as follows:

| | |
|---|---:|
| One-half of profits of Midway Motors for the period May 8, 1947 to November 5, 1947, plus interest | $12,561.28 |
| Less: Prins Estate's prorata share of income tax on above | 3,890.89 |
| | $8,670.39 |
| Less: Legal fees of administration | 500.00 |
| | $8,170.39 |
| Add: Principal balance as of May 8, 1947 | 10,349.48 |
| | $18,519.87 |
| Add: Interest to October 30, 1948 at 6 per cent | 926.00 |
| Total | $19,445.87 |

The petitioner filed his final account as administrator of the partnership estate. It was approved on February 23, 1950.

The petitioner filed a partnership return for Midway Motors for the period September 1, 1946, to May 8, 1947.

He filed a fiduciary return for the period May 9, 1947, through December 31, 1947, on Form 1041 in the name of:.

> Partnership Estate
> J. Chas. Prinz and L. A. Westerweller
> Superior Court, Yakima Co. Pro. 15762

That return showed total income of $33,331.84 of which $15,303.84 was distributable to the petitioner and the balance of $18,028 was subject to tax amounting to $5,665.80. The petitioner filed a similar return for 1948 showing income of $58,283.86 of which $39,331.14 was distributable to the petitioner and the balance of $18,952.72 was subject to tax amounting to $5,600.51.

Each petitioner filed an individual income tax return for 1947 reporting, as the only income, one-half of $20,184.05 made up of $4,880.21, income from the partnership for its period ended May 8, 1947, and $15,303.84 income from the partnership estate for the remainder of 1947. The petitioners filed a joint return for 1948 in which they reported as their only income $39,331.14, representing income from the partnership estate. The $15,303.84 reported for 1947 and the $39,331.14 reported for 1948 as income from the partnership estate represented the amount which the petitioner had withdrawn from the business in each year after May 8, 1947.

The Commissioner, in determining the deficiencies, held that all of the income from the business, after May 8, 1947 through 1948, was taxable to the petitioners as community income, with the exception of $12,561.28, representing the share of the profits, including interest, for the period beginning May 9, 1947, and ending November 5, 1947, awarded to the Prins' estate.

The laws of Washington applicable prior to 1951 provided that an administrator should be appointed after the death of a partner to settle the partnership estate in the same manner as provided for the settlement of the estates of deceased persons, except he should account to the executor for the interest of the deceased in the partnership property.

The petitioner, as administrator of the partnership property, continued to operate the business pending the settlement of the partnership estate or the purchase by the surviving partner of the interest of the deceased partner. The petitioner contends that he, as administrator of the partnership estate under the laws of Washington, was the fiduciary of a separate taxable entity and as such was entitled to file a fiduciary return showing tax liability of that estate. He apparently believes also, although neither party refers to it, that the estate would be entitled to deduct and he and his wife would be liable for tax on, so much of the earnings of the business as he chose to withdraw in any year. There is no explanation in the record as to how the $15,303.84, which he withdrew between May 9, 1947, and December 31, 1947, and the $39,331.14, which he withdrew during 1948, were determined. He decided that question and no one ever challenged his decision. The 1948 withdrawals served to split the income into three almost equal parts. There is no indication in the record that he could not have withdrawn larger amounts, even amounts equivalent to the amounts which the Commissioner has held were taxable for each period to the two petitioners. Obviously, tax liability does not depend upon the mere whim of an individual such as this record discloses.

The authority for imposing a tax upon an estate is found in Supplement E. Supplement E applies to income received by estates of

deceased persons during the period of administration or settlement of the estate and also refers to legatees, heirs and beneficiaries. Those provisions are not applicable to the petitioner. The executors of Prins were required to file income tax returns reporting all of the income of the estate of that deceased person. Sections 142 (a) (2), 126 (a) (1), 161 (a) (3). The administration engaged in by the petitioner was but a part of the administration of that estate. Cf. section 142 (a). He was administering only the partnership. Congress did not intend that the income taxable to the Prins' estate should be taxed on two different returns or that the petitioner's income from the partnership should be taxed on returns other than those for himself and his wife under the community property method.

Section 162 (c) provides:

In the case of income received by estates of deceased persons during the period of administration or settlement of the estates, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amounts so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary;

Apparently it is under that provision that the petitioner would deduct the amounts which he chose to withdraw from the business during 1948 and after May 9 in 1947, but that provision does not fit this case. He was not a legatee, an heir or a beneficiary of Prins, the deceased person in question. The petitioner has not pointed to any provision of the Internal Revenue Code or other authority which supports his claim that the partnership estate of which he was administrator was a separate taxable entity entitled to compute a separate tax on its net income after exemptions and deductions, including distributions. Cf. section 126 (a). A taxpayer may not thus reduce his tax by dividing his earnings into three piles and avoid the high brackets at which those earnings would be taxed in the two community piles recognized by the Internal Revenue Code.

The petitioner was a partner owning a one-half interest in the partnership assets and business at the time Prins died. He never lost those interests but continued to own them throughout 1947 and 1948. They did not become a part of Prins' estate. The petitioner continued to be entitled to at least one-half of the profits from his operation of the business and use of the assets after May 8, 1947, and he and his wife continued to have a liability for Federal income taxes on his full share of the profits of the business. The petitioner and his wife were not liable merely on so much of those earnings as he chose to withdraw and another taxable entity, the partnership estate, liable on such part as he did not withdraw. Furthermore,

the petitioner acquired a new right at the time Prins died, the right to purchase Prins' interest in the partnership. He complied with the requirements of their contract covering the purchase of that interest on November 5, 1947, and thereby that interest became his "sole property." That ownership gave him the right to all of the earnings of the business after that date. The Court later held that such were his rights. He complains, however, that it was not until the decision of the trial court was affirmed by the Supreme Court on July 19, 1949, that his rights clearly appeared and the Commissioner should not be allowed to apply that decision retroactively by taxing him with income for 1947 and 1948 to which he did not have clear title at the time it was determined. It is not apparent that any hardship results from the action of the Commissioner. The petitioner maintained throughout, and his contention was in accordance with the partnership agreement, that the tender which he made on November 5, 1947, made him sole owner of the share of the deceased partner in the assets of the business. That contention was entirely sound and, in accordance with it, all income after November 5, 1947, belonged to the petitioner. He withdrew the income as his own and was taxable on it. *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417. For example, in 1948, he withdrew $39,331.14 and left only $18,952.72 in the business. That action is not understandable unless he regarded himself as owning at that time more than one-half of the income from the business.

Furthermore, even if the partnership estate were to be regarded as a separate taxable entity and the petitioner were to be regarded as a beneficiary thereof, then that estate would be entitled to deduct and the petitioners would have to include in their income all of the income of the business "properly paid or credited during such year" to him on the books of the business. It does not appear that the amounts which the petitioner was claiming and which the Commissioner has taxed to the petitioners were not properly credited to the petitioner on the books of the business during the taxable years.

The impropriety of the petitioner's contention is further demonstrated by considering its effect upon the Prins' estate. The income tax liability of that estate should not depend upon how much the petitioner chose to withdraw from and how much he chose to leave in the partnership during the taxable years. The Prins' estate was not entitled to or taxable on any of the income of the partnership business after November 5, 1947, and what the petitioner chose to do with that income should not affect the income tax liability of the Prins' estate as it would if the petitioner's contention were sound.

The Court finds no justification for changing the deficiencies determined by the Commissioner regardless of whether it adopts the Com-

missioner's theory that the partnership estate was not a separate taxable entity, whether it looks primarily to the control which the petitioner exercised over the income of the business earned by his own efforts and using property which belonged to him, 50 per cent up to November 5, 1947, and 100 per cent thereafter, or whether it looks to the amount of the partnership income properly paid or credited during each year to the petitioner.

*Decision will be entered for the respondent.*